**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1019
_____

UNITED STATES OF AMERICA

v.

JOHN ALLEN KANE,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cr-00274-001)
District Judge: Honorable R. Barclay Surrick

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2022

_____

BEFORE: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Filed:  May 5, 2023)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant John Allen Kane appeals his conviction and sentence for possessing a firearm as a felon under 18 U.S.C. § 922(g)(1). Prior to Kane pleading guilty, the District Court denied his motion to suppress the firearm and ammunition found in his car. Kane now challenges that denial, claiming the officers violated his Fourth Amendment rights when they frisked him and his car without reasonable suspicion that he was armed and dangerous.[1] We will affirm the denial of Kane's motion to suppress, as well as his conviction and sentence.

## I.       Procedural History

At the District Court's suppression hearing, Philadelphia Police Officers Steven Farley and Ronald Burgess testified that they stopped Kane's car in a high-crime area, after witnessing him drive through a stop sign and make an "evasive" left turn. J.A. at 81. The officers further testified that they frisked Kane and his car after they smelled raw marijuana coming from the car and Kane told Officer Farley that he had a knife and started reaching for it. The frisk revealed that Kane had .251 grams of unburnt marijuana in a closed container in the pocket of his pants. Kane's expert testified it was "extremely unlikely" that the officers could have detected the odor of marijuana from the closed container inside Kane's pocket when they were standing outside the car. J.A. at 200.

_____

[1] While conducting the frisks, the officers found contraband and arrested Kane. In a search incident to arrest, the officers found the gun and ammunition in the trunk of Kane's car. In his motion to suppress, Kane also argued that the officers lacked probable cause to conduct a full search of his car after his arrest, but he does not challenge that search's legality on appeal.

The District Court found the officers testified credibly that they smelled marijuana, that Kane told them he had a knife, and that his driving was suspicious. This testimony, compounded by the fact that the stop occurred in a high-crime area, led the Court to conclude that the totality of the circumstances gave rise to the reasonable suspicion that Kane was armed and dangerous. Accordingly, the Court denied Kane's motion to suppress.

## II.       Jurisdiction and Standard of Review

The District Court had original jurisdiction over the prosecution pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. A district court's denial of a motion to suppress is reviewed for clear error as to the underlying factual findings and de novo review as to its legal conclusions. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

## III.      Discussion

Kane contends that the District Court factually and legally erred by holding that the officers had reasonable suspicion to frisk him and his car. To conduct a frisk of a person, an officer must have an articulable and objectively reasonable belief that the person is "armed and presently dangerous." *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *see also Arizona v. Johnson*, 555 U.S. 323, 327 (2009) ("To justify a patdown of the driver or a passenger during a traffic stop, . . . just as in the case of a pedestrian reasonably suspected of criminal activity, the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous."). "[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed

3

or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that (1) the suspect is dangerous and (2) the suspect may gain immediate control of weapons." *Michigan v. Long*, 463 U.S. 1032, 1049 (1983) (enumeration added) (quoting *Terry*, 392 U.S. at 21).

We need not address all of Kane's challenges to the District Court's factual findings[2] because if Kane possessed a knife and was reaching for it certainly "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27. Kane argues the District Court clearly erred in crediting Officer Farley's testimony that Kane told him he had a knife in the car and was reaching for it. Kane asserts the fact that no knife was found and inventoried renders the officer's testimony objectively incredible. But Officer Farley's version of events was plausible given his testimony that he would not "normally" inventory the knife because Kane was not being charged with its possession. J.A. at 95–96. Crediting an officer's testimony in these circumstances does not constitute clear error. *United States v. Murray*, 821 F.3d 386, 394 (3d Cir. 2016) (finding the district court did not err in crediting an officer's testimony "[i]n the absence of any facts to support a 'definite and firm conviction that a mistake has been committed'" (citation

---

[2] We are sympathetic to Kane's challenge to the District Court's finding that the officers smelled .251 grams of marijuana. It is simply unfathomable that any human being could smell less than one-one hundredth of an ounce of unburnt marijuana, particularly when that person is standing outside of a car and the marijuana is inside in a closed container in the driver's pocket. Under those circumstances, we seriously doubt that anyone could detect that amount of Limburger cheese.

4

omitted)). We conclude the officers had a basis for reasonably suspecting that Kane was armed and dangerous, thereby justifying the subsequent protective frisks.

**IV.**     **Conclusion**

For the reasons outlined above, we will affirm the order denying Kane's motion to suppress, as well as his conviction and sentence under 18 U.S.C. § 922(g)(1).